## FLEMING v. MAXWELL.

[No. 23,282. Filed October 3, 1917.]

1. BROKERS.—*Realty Brokers.*—*Action for Commission.*—*Complaint.*—*Sufficiency.*—*Written Contract.*—In an action to recover a commission for the sale of real estate, where the complaint contains allegations showing that defendant, in answer to a letter of inquiry from plaintiff, wrote "In reply to your inquiry about the farm, will say, I have it listed with another real estate agent, and his time on it doesn't expire until March 1st, 1914, though I may fix it with him to release it, if you have a chance you think you can make a deal. Would have to have $100.00 per acre; and will pay 2 per cent for making the transaction, providing I can make it right with the other agent," that plaintiff, in January, 1915, procured a purchaser, who paid the stipulated consideration for the farm, and that thereafter defendant agreed that a certain sum was due plaintiff under the written contract relied on, such complaint sufficiently shows a written contract within the terms of the statute requiring contracts for commissions for the sale of realty to be in writing, and an employment and agreement to pay, and is not demurrable. p. 531.

2. BROKERS.—*Realty Brokers.*—*Action for Commission.*—*Complaint.*—*Surplusage.*—In an action by a realty broker to recover a commission for the sale of a farm, an allegation that defendant acknowledged his obligation did not destroy the theory of the complaint as counting upon a written contract, since such allegation was surplusage. p. 532.

From Jay Circuit Court; *Jacob F. Denney*, Judge.

Action by George Maxwell against W. S. Fleming. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*John M. Smith*, for appellant.
*Roscoe D. Wheat*, for appellee.

HARVEY, J.—This cause was taken over from the Appellate Court, under §1405 Burns 1914, Acts 1901 p. 590. Appellee recovered verdict and judgment against appellant for services in selling a farm for ap-

pellant. The only question presented is upon the allegation of error in sustaining a demurrer to the complaint.

The complaint is in one paragraph. It alleges that the employment and the agreement to pay a commission are in writing and formed by letters. The letter of appellee to appellant is not set out in the complaint, but its absence is sufficiently accounted for by allegations in the complaint. The answering letter mailed by appellant to appellee is set out and, on the matters and things herein involved, reads as follows:

"1-6-14

"Mr. Maxwell,
    Portland, Indiana.
Dear Sir:
    In reply to your inquiry about the farm, will say, I have it listed with another real estate agent, and his time on it doesn't expire until March 1st, 1914, though I may fix it with him to release it, if you have a chance you think you can make a deal. Would have to have $100.00 per acre; and will pay 2 per cent for making the transaction, providing I can make it right with the other agent."

The complaint alleges that appellee secured a purchaser for the farm, who brought the same of appellant on the —— day of January, 1915, and that the consideration therefor was duly paid; that after such sale appellant and appellee agreed that there was due appellee under said contract the sum of $125, which appellant agreed to pay when the consideration for such sale was fully paid; that said consideration was paid.

The letter that is set out in the complaint, written in answer to one which, though not set out in the complaint, is accounted for, constitutes a written contract within the terms of the statute providing that contracts for such commissions must be in writing, if the contents

of the writings disclose that there was an employment and agreement to pay. Appellant claims that the writings cannot be so construed, because the contents show conditions which prevented a meeting of the minds of the parties.

The conditions mentioned were not such as to prevent appellant from making another, present and valid contract of employment, if he so desired. They were solely for the protection of appellant against obligation for two commissions, and he could waive them if he concluded it was to his interest to do so, and by the letter, the appellant took it upon himself to arrange with the other agent, if occasion required.

The complaint discloses that nine months after the limitation of the mentioned contract employing another had expired, appellant accepted the services of
2. appellee, under the contract, and pending the closing of the transaction acknowledged his obligation under the original contract to pay the commission sued for. The allegation of this acknowledgment does not destroy the theory of the complaint as counting upon a written contract. It may be treated as showing appellant's construction of the contract, or it may be disregarded as surplusage, for it really is so far as the rules of pleading are concerned.

The demurrer was properly overruled, and the judgment is affirmed.

NOTE.—Reported in 117 N. E. 210. Necessity that authority of agent to purchase or sell real property be in writing to enable him to recover compensation for his services, 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.