## IN RE DOVE.

[No. 10,026. Filed October 4, 1917.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Partial Disability. — Compensation. —* Under §30 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that where injury causes the employe partial disability for work, he shall be paid during such disability a weekly compensation equal to one-half of the difference between his average weekly wages and the weekly wages at which he is actually employed after the injury, for a period not to exceed 300 weeks, and §40, providing that "in computing compensation under the foregoing sections, the average weekly wages of an employe shall be considered not to be more than twenty-four dollars, nor less than ten dollars," where a servant, when injured, earned an average weekly wage of $56, and during a period of partial disability subsequent to the injury earned an average weekly wage of $25, he could be awarded additional compensation, since the act does not authorize payment of compensation for the period of partial disability when the injured employe's average weekly wages during such time exceeds twenty-four dollars.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one Joe Dove. Certified questions of law by the Industrial Board. *Questions answered.*

IBACH, P. J.—Pursuant to the provisions of §61 of the Workmen's Compensation Law (Acts 1915 p. 392), the Industrial Board has certified to this court the following concise statement of facts and a question of law based thereon: On February 28, 1917, Joe Dove was in the service of the Interstate Iron and Steel Company as an employe at an average weekly wage of $56. On said date said Dove received a personal injury by an accident arising out of and in the course of his employment of which the employer had actual knowledge at the time. The accident resulted in the total disability of the said Dove to work continuously from the date of

his injury until and including March 28, 1917. The employer paid to said employe two weeks' compensation at the rate of $13.20 per week. Beginning with March 29, 1917, said Dove has been continuously partially disabled for work and will be so partially disabled until probably the middle of September, 1917. On March 29, 1917, said Dove began the performance of work suitable to his capacity at a weekly wage of $25 and has continuously worked at said weekly rate until the pressent time, June 11, 1917, and will have the opportunity to continue to work at said rate as long as he is partially disabled.

Upon the foregoing facts is Dove entitled to compensation on account of partial disability to work beginning on March 29, 1917, and continuing until the expiration of his partial disability to work, and if so, what should be his weekly compensation?

The Workmen's Compensation Act, *supra,* provides that: "Where the injury causes partial disability for work, there shall be paid to the injured employe during such disability * * * a weekly compensation equal to one-half of the difference between his 'average weekly wages' and the weekly wages at which he is actually employed after the injury, for a period not to exceed three hundred weeks," (§30) and, "In computing compensation under the foregoing sections, the average weekly wages of an employe shall be considered not to be more than twenty-four dollars, nor less than ten dollars." §40.

The apparent confusion arises upon the construction of the phrase "average weekly wages" as used in §30 but, when this section is read in connection with §40 in which the meaning of the phrase is fixed by the legislature, it is evident that the former could have no application where the facts are as above stated. In other words, §30 is applicable only where there is a dif-

ference between the wages actually received by the injured employe after the injury and the "average weekly wages" received by him before the injury, which in no case cari be computed at more than twenty-four dollars or less than ten dollars. These limitations placed upon the otherwise broad scope of the act is but another indication that the legislature intended the act as provisional rather than compensatory, and further to refrain from putting a premium on disabled employes.

The statement of facts shows that the injured employe is receiving $25 per week, and will continue to receive that amount during the full period of his partial disability, and the provisions of the statute do not authorize any additional payment.

NOTE.—Reported in 117 N. E. 210. Workmen's Compensation Act: computation of average earnings of injured employe, L. R. A. 1916A 149, 260; L. R. A. 1917D 175.